## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| NATHAN PRAWITT, derivatively on behalf of INTRUSION, INC., | ) ) ) |
| Plaintiff, | ) ) Civil Action No.: 1:22-cv-00735-MN |
| v. | ) ) ) |
| JACK B. BLOUNT, MICHAEL L. PAXTON, B. FRANKLIN BYRD, P. JOE HEAD, GARY DAVIS, JAMES F. GERO, ANTHONY SCOTT, ANTHONY J. LEVECCHIO, KATRINKA B. MCCALLUM, JAMIE M. SCHNUR, GREGORY K. WILSON, | ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| -and- | ) ) |
| INTRUSION, INC., | ) ) |
| Nominal Defendant. | ) |

## **PRELIMINARY APPROVAL ORDER**

Plaintiff Nathan Prawitt ("Plaintiff") in the above-captioned action ("the Action") pending in the United States District Court for the District of Delaware ("the Court") has made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement ("the Settlement") of stockholder derivative claims brought on behalf of Intrusion, Inc. ("Intrusion" or "the Company") in accordance with the Stipulation of Compromise

and Settlement dated September 28, 2023 (attached as Exhibit 1 to D.I. 37) ("the Stipulation"); (ii) approving the form and manner of the Notice of the Settlement; and (iii) setting a date for the Settlement Hearing.[1]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to a proposed settlement and dismissal of the Action with prejudice:

WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Stockholder Derivative Settlement together with the accompanying Memorandum of Points and Authorities; (ii) read and considered the Stipulation, as well as all the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the settling Parties in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Intrusion and appears to be the product of serious, informed, non-collusive negotiations between the Parties; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Intrusion stockholders should be apprised of the Settlement through the proposed form of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court, for purposes of this Preliminary Approval Order, adopts the definitions set forth in the Stipulation.

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

2. This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3. A hearing shall be held on January 17, 2024 at 2:00 p.m., before the Honorable Maryellen Noreika, at the U.S. District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Courtroom 4A, Wilmington, DE 19801-3555 ("the Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Notice fully satisfied the requirements of Rule 23.1 of the Federal Rule of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense Award should be approved; (v) whether a Plaintiff Service Award payable from the Fee and Expense Award should be approved; and (vi) such other matters as the Court may deem appropriate.

4. The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5. Within ten (10) days after the entry of this Preliminary Approval Order, Intrusion shall: (1) post a copy of the Notice and the Stipulation and exhibits thereto on the "Investor Relations" portion of the Company's website, the address of which will be contained in the Notice and Summary Notice and which posting shall be maintained through the date of the Settlement Hearing; (2) file with the SEC a Current Report on Form 8-K or other appropriate filing, attaching the Notice and the Stipulation (including exhibits); and (3) publish the Summary Notice one time

in *Investor's Business Daily*. The Summary Notice shall provide a link to the investor relations page on Intrusion's website where the Notice and Stipulation and exhibits thereto may be viewed.

6. All costs incurred in the filing, posting, and publication of the Notice shall be paid by Intrusion, and Intrusion shall undertake all administrative responsibility for the filing, posting, and publication of the Notice.

7. At least thirty (30) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing, publishing, and posting the Notice as provided for in paragraph 5 of this Preliminary Approval Order.

8. All Current Intrusion Stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Intrusion Stockholders.

9. Pending final determination of whether the Settlement should be approved, Plaintiffs and Current Intrusion Stockholders shall not commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

10. Any stockholder of Intrusion common stock may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Award or Plaintiff Service Award should not be awarded. However, no Intrusion stockholder shall be heard or entitled to contest the approval of the Settlement, or, if approved, the Judgment to be entered thereon, unless that Intrusion stockholder has caused to be filed, and served

on counsel as noted below: (i) a written notice of objection with the case name and number (*Prawitt v. Blount, et al.*, Case No. 1:22-cv-00735-MN (D. Del.)); (ii) the Person's name, legal address, and telephone number; (iii) notice of whether such Person intends to appear at the Settlement Hearing and the reasons such Person desires to appear and be heard, and whether such Person is represented by counsel and if so, contact information for counsel; (iv) competent evidence that such Person held shares of Intrusion common stock as of the date of the Stipulation and continues to hold such stock as of the date the objection is made, including the date(s) such shares were acquired; (v) a statement of objections to any matters before the Court, the grounds therefor, as well as all documents or writings such Person desires the Court to consider; and (vi) the identities of any witnesses such Person plans on calling at the Settlement Hearing, along with a summary description of their expected testimony..

11. At least twenty-one (21) calendar days prior to the Settlement Hearing set for January 17, 2024, any such person must file the written objection(s) and corresponding materials with the Clerk of the Court, U.S. District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Courtroom 4A, Wilmington, DE 19801-3555 and serve such materials by that date, to each of the following settling Parties' counsel:

*Counsel for Plaintiffs:*

**RIGRODSKY LAW, P.A.**
Herbert W. Mondros
Timothy J. MacFall
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Email: hwm@rl-legal.com
         tjm@rl-legal.com

*Counsel for Defendants:*

**MCCARTER & ENGLISH, LLP**
Andrew Dupre
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6328
Email: adupre@mccarter.com

>**GREENBERG TRAURIG, LLP**
>Steven T. Margolin
>222 Delaware Avenue, Suite 1600
>Wilmington, DE 19801
>Telephone: (302) 661-7376
>Email: margolins@gtlaw.com
>
>David Klaudt
>2200 Ross Avenue, Suite 5200
>Dallas, Texas 75201
>Telephone: (214) 665-3616
>Email: david.klaudt@gtlaw.com

12. Only stockholders who have filed with the Court and sent to the settling Parties' counsel valid and timely written notices of objection and notices of appearance will be entitled to be heard at the hearing unless the Court orders otherwise.

13. Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Award and Plaintiff Service Award, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

14. Plaintiff shall file his motion for final approval of the Settlement at least twenty-eight (28) calendar days prior to the Settlement Hearing. If there is any objection to the Settlement, Plaintiff shall file a response to the objection(s) at least seven (7) calendar days prior to the Settlement Hearing.

15. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

16. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Intrusion stockholders.

17. Neither the Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to the Stipulation, nor any action taken to carry out the Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the claims released herein or an admission by or against the Individual Defendants of any fault, wrongdoing, or concession of liability whatsoever.

18. The Court may, in its discretion, change the date and/or time of the Settlement Hearing without further notice to Current Intrusion Stockholders and reserves the right to hold the Settlement Hearing telephonically or by videoconference without further notice to Current Intrusion Stockholders. Any Current Intrusion Stockholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or the investors relations page of Intrusion's website for any change in date, time or format of the Settlement Hearing.

**IT IS SO ORDERED this 17th day of October 2023.**

_/s/ Maryellen Noreika_
The Honorable Maryellen Noreika
United States District Judge