# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATHAN PRAWITT, derivatively on behalf of INTRUSION, INC., <br><br> Plaintiff, <br><br> v. <br><br> JACK B. BLOUNT, MICHAEL L. PAXTON, B. FRANKLIN BYRD, P. JOE HEAD, GARY DAVIS, JAMES F. GERO, ANTHONY SCOTT, ANTHONY J. LEVECCHIO, KATRINKA B. MCCALLUM, JAMIE M. SCHNUR, GREGORY K. WILSON, <br><br> Defendants, <br><br> -and- <br><br> INTRUSION, INC., <br><br> Nominal Defendant. | Civil Action No.: 1:22-cv-00735-MN |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came before the Court for hearing pursuant to the Order of this Court, dated December 21, 2023, on the application of the Parties for approval of the Settlement set forth in the Stipulation of Compromise and Settlement (the "Stipulation") (D.I. 37-1), dated September 28, 2023, and the exhibits thereto. Due and adequate notice has been given to shareholders of Intrusion, Inc. ("Intrusion") as required in said Order. The Court has considered all objections raised, if any, has considered all arguments made and papers filed and proceedings herein, and is fully informed. Finding good cause, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.        For purposes of this Final Judgment and Order of Dismissal (the "Judgment") the Court incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.        This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Stipulation, and over all Parties, including nominal defendant Intrusion and its shareholders.

3.        Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation in all respects, and finds that said Settlement is, in all respects, fair, just, reasonable, and adequate to, and in the best interests of Intrusion, Intrusion's shareholders, and Plaintiffs.

4.        This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Stipulation.

5.        The terms of the Stipulation and of this Judgment shall be forever binding on the Parties and all current Intrusion shareholders ("Current Intrusion Shareholders"), as well as their respective successors and assigns. Any Current Intrusion Shareholder who has not timely submitted any actual or potential objection to the Settlement in the manner provided in the Notice of Pendency and Settlement of Action (the "Notice") is deemed to have waived the right to object to any aspect of the Settlement and any Fee and Expense Award, Plaintiff Service Award (including any right of appeal or collateral attack); be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered

Case 1:22-cv-00735-MN    Document 50    Filed 04/03/24    Page 3 of 6 PageID #: 511

approving the Settlement, any Fee and Expense Award, or Plaintiff Service Award; and be deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding with respect to any matters concerning the Settlement, any Fee and Expense Award, or any Plaintiff Service Award.

6. The Action, all claims contained therein against the Defendants, and the Released Claims are hereby ordered compromised, settled, released, discharged, and dismissed with prejudice by virtue of the proceedings in the Actions and this Judgment. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. The methods of dissemination and publication of the Notice and Summary Notice, respectively, as provided for in the Stipulation constituted the best notice practicable under the circumstances to Intrusion's shareholders and meet the requirements of Federal Rule of Civil Procedure 23.1, due process under the United States Constitution, and any other applicable law, and constituted due and sufficient notice to all persons entitled thereto.

8. Plaintiff, all Current Intrusion Shareholders, and Intrusion release the Individual Defendants from all claims and causes of action of every nature and description, whether known or unknown, whether arising under state, federal, common, or foreign law, that (a) were or could have been asserted by Intrusion or by Plaintiff derivatively on behalf of Intrusion; (b) would have been barred by *res judicata* had the Action been litigated to final judgment; or (c) that could have been, or could in the future be, asserted derivatively on behalf of Intrusion or by Intrusion in any forum or proceeding or otherwise against any of the Individual Defendants or any other current or former officer, director, or employee of Intrusion, and their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited

3

partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial advisors, advisors, consultants, attorneys, personal or legal representatives, auditors, accountants, associates and insurers, co-insurers and re-insurers.

9. Defendants release Plaintiff, Plaintiff's Counsel, all other Intrusion stockholders, and any current or former officer or director of any Intrusion stockholder, and their respective past, present, or future family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial advisors, advisors, consultants, attorneys, personal or legal representatives (including Plaintiff's Counsel), auditors, accountants, and associates. from all claims and causes of action of every nature and description, whether known or unknown, whether arising under state, federal, common, or foreign law, that arise out of or relate to the institution, prosecution, or settlement of the claims asserted in the Action against the Individual Defendants, except for claims relating to the enforcement of the Settlement.

10. The Court hereby approves the Fee and Expense Award ($250,000.00) in accordance with the Stipulation and finds that the Fee and Expense Award is fair and reasonable,

and further approves the payment of the Service Award to Plaintiff, in the amount of $2,000.00, to be paid from the Fee and Expense Award.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) the Parties thereto for the purpose of construing, enforcing, and administering the Stipulation; and (c) any other matter related or ancillary thereto.

12. The Court finds that the Action was filed, prosecuted, and defended in good faith, and that during the course of the action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar rules and statutes.

13. Neither the Stipulation nor the Settlement, including any proceedings conducted pursuant to the Stipulation or the Settlement, any materials created by or received from another Party that were used in, obtained during, or related to settlement discussions, including, but not limited to, all negotiations, documents, and statements in connection therewith, including the exhibits attached hereto, shall be offered or received against any of the Parties as evidence of or construed as or deemed to be evidence of (a) any liability, negligence, fault, or wrongdoing of any of the Parties, or of the validity of any Released Defendants' Claims or Released Plaintiff's Claims, (b) a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or the Settlement, (c) a presumption, concession, or admission by any of the Parties with respect to the truth of any fact alleged in the Actions or the validity of any of the claims or the deficiency of any defense that was or could have

been asserted in the Action or of any infirmity in the claims asserted, or (d) an admission or concession that the consideration to be given hereunder represents the consideration that could be or would have been recovered at trial. Neither the Stipulation, nor the Settlement, nor the Judgment, nor any act performed or document executed pursuant to, or in furtherance of the Stipulation, the Settlement, or the Judgment shall be admissible in any proceeding for any purpose, except to enforce the terms of the Stipulation and except that the Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 3rd day of April 2024.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge